UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **ERIK SALAIZ,** § § § | |
| **Plaintiff,** § § | |
| v. § § | |
| **CHW GROUP INC,** a New Jersey Corporation § § | Case No. 3:24-cv-00203 |
| **Defendant.** § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**PARTIES**

1. The Plaintiff is ERIK SALAIZ ("Plaintiff") a natural person, resident of the Western District of Texas, and was present in Texas for all calls, in this case in El Paso County, Texas.

2. Defendant CHW GROUP INC ("CHW" "Defendant") is a corporation organized and existing under the laws of New Jersey and can be served via registered agent Brian Tretter at 2147 Route 27 South, Suite 400, Edison, New Jersey 08817.

**JURISDICTION AND VENUE**

3. Jurisdiction. This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). Defendants' telemarketing robocalls to Plaintiff; adds little complexity to the case.

4. Personal Jurisdiction. This Court has general personal jurisdiction over the defendant because they have repeatedly placed calls to Texas residents, and derive revenue from Texas residents, and they sell goods and services to Texas residents, including the Plaintiff.

1

5. Venue. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims—the calls and sale of goods and services directed at Texas residents, including the Plaintiff—occurred in this District and because the Plaintiff resides in this District. Residing in the Western District of Texas when he received a substantial if not every single telemarketing call from the Defendant that are the subject matter of this lawsuit.

6. This Court has venue over the Defendant because the calls at issue were sent by the above-named Defendant to the Plaintiff, a Texas resident.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

7. In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

8. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

9. The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted

by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

10.     The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

11.     Separately, the TCPA bans telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

12.     The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

13.     According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

14.     The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

15.     The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition,

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

16.     *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

17.     The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

18.     Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

19.     A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g.*, *Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

**FACTUAL ALLEGATIONS**

20.     Plaintiff successfully registered his personal cell phone (XXX) XXX-6805 on the

4

National Do-Not-Call Registry May 19, 2022, which was more than 31 days prior to receiving the alleged calls.

21. Plaintiff never asked the National Do-Not-Call Registry administrator to remove him from the National Do-Not-Call Registry and Plaintiff was on the National Do-Not-Call Registry at all times relevant to this Complaint.

22. Plaintiff's phone number 6805 is a residential number that he uses for personal purposes and is not used for any business purposes.

23. Defendant CHW offers home warranty services to consumers nationwide including Texas.

24. As part of their marketing their home warranty services, Defendant CHW engages in illegal telemarketing by calling residential phone numbers that are registered on the National Do-Not-Call registry.

25. Defendant CHW makes these calls without the prior express written consent of the called party.

26. Defendant CHW has been sued multiple times for violating the TCPA including a lawsuit Plaintiff had against Defendant *Salaiz v CHW Group Inc.,* No. 3:23-cv-00131-DB (W.D.TX., Mar. 31, 2023) and refuses to curtail their illegal behavior because violating the TCPA benefits Defendant CHW financially.

27. Plaintiff received at least two (2) unauthorized telemarketing calls to his personal cell phone 6805 within a one-month period from Defendant CHW soliciting home warranty services ("the calls').

28. Plaintiff did not provide his prior express written consent to receive any of the calls.

29. **Call #1** – On April 16, 2024, at 1:09 PM, Plaintiff received a call to his personal cell phone 6805 from Defendant CHW from phone number (915) 245-3209.

30. Plaintiff answered and was connected to a male representative who advised Plaintiff he was with Defendant CHW.

31. The representative was soliciting home warranty services.

32. Plaintiff advised the representative he was not interested and disconnected the call.

33. **Call #2** – On April 23, 2024, at 11:49 AM, Plaintiff received a call to his personal cell phone 6805 from Defendant CHW from phone number (850) 938-4674.

34. Plaintiff answered and was connected to a male representative named Alex who advised Plaintiff he was with Defendant CHW.

35. Alex was soliciting home warranty services and asked Plaintiff qualifying questions regarding a home warranty policy.

36. Alex then transferred Plaintiff to another representative with Defendant CHW named Shawn.

37. Shawn asked Plaintiff more qualifying questions and solicited Plaintiff for a home warranty policy from Defendant CHW.

38. Shawn advised Plaintiff the cost of the policy was $49.25/mnth.

39. Plaintiff received an email from Defendant CHW from [confirm@choicehomewarranty.com](mailto:confirm@choicehomewarranty.com) that contained the details of the CHW policy. *See Exhibit A*.

40. On April 23, 2024, Plaintiff sent an email to Defendant CHW through its attorney Paul Heeringa advising Defendant CHW of the alleged calls.

41.     Defendant CHW did not deny making the alleged calls.

42.     Defendant CHW employs outrageous, aggressive, and illegal sales techniques that violate multiple federal laws and state consumer statutes.

43.     Each and every call was placed while knowingly ignoring the national do-not-call registry.

44.     Upon information and belief, Defendant CHW did not train their representatives who engaged in telemarketing on the existence and use of Defendant CHWs internal do not call policy as they failed to recognize Plaintiff's personal cell phone 6805 is registered on the National Do-Not-Call Registry.

45.     Defendant CHW is not registered pursuant to § 302.101 of the Texas Business & Commerce Code to provide telephone solicitations. The https://direct.sos.state.tx.us/telephonesearch.asp site ("Texas Registration Database") does not contain Defendant CHW's registration.

46.     Defendant CHW does not qualify for an exemption under § 302.053.

47.     No emergency necessitated none of the alleged calls.

48.     Plaintiff has limited data storage capacity on his cellular telephones. Incoming telemarketing calls consumed part of this capacity.

## INJURY, HARM, DAMAGES, and ACTUAL DAMAGES
## AS A RESULT OF THE CALLS

49.     The calls harmed the Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

50.     The calls harmed the Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

51. The calls harmed the Plaintiff by intruding upon Plaintiff's seclusion.

52. Plaintiff has been harmed, injured, and damages by the calls including, but not limited to: reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of his cell phones.

### Violations of the Texas Business and Commerce Code 305.053

53. The actions of the Defendant violated the Texas Business and Commerce Code 305.053 by placing unauthorized calls to a cell phone using an artificial or prerecorded voice message which violates 47 USC 227(b). The calls violated Texas law by placing unauthorized calls to a cell phone which violates 47 USC 227(c)(5) and 47 USC 227(d) and 47 USC 227(d)(3) and 47 USC 227(e).

54. The calls violated Texas law by spoofing the caller IDs per 47 USC 227(e) which in turn violates the Texas statute.

### Violations of the Texas Business and Commerce Code 302.101

55. The actions of the Defendant violated the Texas Business and Commerce Code § 302.101 by placing solicitation calls to Plaintiff, a Texas resident, without having a valid solicitation registration certificate and a valid bond.

56. Under Texas Business and Commerce Code § 302.302(a) Plaintiff is entitled to seek damages of up to $5000 per violation of § 302.101.

### CAUSES OF ACTION

## COUNT ONE:

## (Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. 227(c), and 47 C.F.R. § 64.1200(C))

57. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

58. Defendant CHW called Plaintiff's private residential telephone number which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the calls for the purposes of commercial solicitation, in violation of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

59. Plaintiff was statutorily damaged at least two (2) times under 47 U.S.C. § 227(c)(3)(F) by Defendant CHW by the telemarketing calls described above, in the amount of $500.00 per call.

60. Plaintiff was further statutorily damaged because Defendant CHW willfully and/ or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under U.S.C. § 227(c)(5) for each and every willful and/or knowing violation.

61. Plaintiff is entitled to an award up to $1,500 in damages for each knowing or willful violation of 47 U.S.C. § 227(c)(3)(F).

## COUNT TWO:

### Violations of The Texas Business and Commerce Code 305.053

62. Plaintiff incorporates the foregoing allegations as if set forth herein.

63. The foregoing acts and omissions of Defendant CHW constitute multiple violations of the **Texas Business and Commerce Code 305.053**, by making non-emergency telemarketing calls

to Mr. Salaiz cellular telephone number without his prior express written consent in violation of 47 USC 227 et seq.

64.     Plaintiff is entitled to an award of at least $500 in damages for each such violation.

**Texas Business and Commerce Code 305.053(b)**

65.     Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. **Texas Business and Commerce Code 305.053**(c)

## COUNT THREE:

### Violations of The Texas Business and Commerce Code 302.101

66.      Plaintiff incorporates the foregoing allegations as if set forth herein. by reference each and every allegation set forth in the preceding paragraphs.

67.     The foregoing acts and omissions of Defendant CHW constitute multiple violations of the **Texas Business and Commerce Code 302.101**, by making non-registered solicitation calls to Plaintiff's cellular telephone number without his prior express written consent.

68.     Plaintiff is entitled to an award of up to $5,000 in damages for each such knowing or willful violation. **Texas Business and Commerce Code 302.302(a)**.

69.     Plaintiff is entitled to recover all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees.  **Texas Business and Commerce Code 302.302(d).**

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Erik Salaiz prays for judgment against the Defendant jointly and severally as follows:

A.     Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B.     A declaration that actions complained of herein by the Defendant violates the TCPA and Texas state law;

C.     An injunction enjoining the Defendant and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D.     An award of $1500 per call in statutory damages arising from the TCPA §227(c) intentional violations jointly and severally against the corporation for two calls.

E.     An award of $1,500 in statutory damages arising from violations of the Texas Business and Commerce code 305.053 intentional violations jointly and severally against the corporation for two calls.

F.     An award of $5,000 in statutory damages arising from violations of the Texas Business and Commerce code 302.101 intentional violations jointly and severally against the corporation for two calls.

G.     An award to Mr. Salaiz of damages, as allowed by law under the TCPA and Texas state law;

H.     An award to Mr. Salaiz of interest, costs, and attorneys' fees, as allowed by law and equity

I.     Such further relief as the Court deems necessary, just, and proper.

June 12, 2024,                              Respectfully submitted,

Erik Salaiz
Plaintiff, Pro Se
6320 Navajo Ave
El Paso, Texas 79925
915-465-6805
Salaiz.ep@gmail.com